TUBMAN L. HALL, ADMINISTRATOR OF JOHN HALL, *vs.* G. M. GILL, PERMANENT TRUSTEE OF SAMUEL HALL AN INSOLVENT DEBTOR.—*December* 1838.

Property acquired by an insolvent debtor, subsequently to his petition, by gift, descent, or in his own right by bequest, devise, or in any course of distribution, does not pass to his trustee.

APPEAL from the Orphans Court *Baltimore* county.

The petition in this casue, was filed by the appellee, to recover a distributive share of *John Hall's* estate, due to *Samuel Hall* a brother of the deceased.

*Samuel Hall* applied for relief under the Insolvent Laws of Maryland, on the 10th May 1834, and the deceased (who died after his application) was his creditor to amount of $2,893.64, at the time thereof.

By the act of 1805, ch. 110, sec. 5, the petitioning debtor on complying with the conditions of the act is discharged from his debts, *provided*, that any property which he shall thereafter acquire, by gift, descent, or *in his own right* by bequest, devise, or *in any course of distribution*, shall be liable to the payment of the said debts.

The *Orphans Court* decreed the distributive share of *Samuel Hall* ($487.52) to be paid to the appellee his trustee, and the administrator appealed from that decision.

The cause was argued before BUCHANAN, C. J., STEPHEN, ARCHER, DORSEY and SPENCE, J.

By MAYER for the appellant, who contended:

1. That the fund in question, although coming to the insolvent in his own right, "in the course of distribution," does not belong to the permanent trustee for the benefit of the creditors at the time of the insolvent's application; but is answerable to those creditors separately, to be recovered as if the insolvent had not applied for the benefit of the Laws, and that subsequent creditors are equally entitled to pursue it in the same way.

2. That if even the Insolvent Laws makes this fund assets exclusively for the creditors at the time of the insolvent's application, to be distributed among them pro rata, yet the permanent trustee, is not the agent for securing and distributing it, and a court of equity must be resorted to for taking charge of, and dividing it.

3. That the insolvent being indebted to the deceased *John Hall*, in a much larger amount than the distributive share, the share may be returned by the administrator, and the insolvent's claim for it is extinguished.

G. L. DULANY for the appellee.

By the court. We are of opinion, that the subsequently acquired property of an Insolvent Debtor, mentioned in the proviso of the act of 1805, ch. 110, does not pass to his trustee.

DECREE REVERSED WITH COSTS.